UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ISMAEL PADILLA HERNANDEZ,<br><br>　　Plaintiff,<br><br>vs.<br><br>DIRECTOR OF TEXAS PRISONS BRIAN COLLIER, et al.,<br><br>　　Defendants. | Case No. 2:23-cv-01973-GMN-DJA<br><br>**ORDER DISMISSING AND CLOSING CASE** |

　　Pro se plaintiff Ismael Padilla Hernandez, who is currently incarcerated in the custody of the Texas Department of Criminal Justice ("TDCJ") at the Hightower facility in Dayton, Texas, and assigned TDCJ #356764, has filed an application to proceed *in forma pauperis* ("IFP") and a civil-rights complaint under 42 U.S.C. § 1983. (ECF Nos. 1-1, 1).  Padilla sues the Director of Texas Prisons and the Governor of the State of Texas for events that allegedly happened in Texas, including that he's falsely imprisoned and his custodial sentence is unconstitutional. (ECF No. 1-1 at 3, 5, 6, 12).  This is at least the second action that Padilla filed in the District of Nevada challenging his underlying convictions and sentences in Dallas County, Texas. *See, e.g.*, *Padilla v. 203rd Dist. Courts*, Case No. 2:23-cv-01762-JAD-NJK, at ECF No. 1-1 (D. Nev. Oct. 30, 2023). Padilla, in fact, initiated this action shortly after the Court transferred Case No. 2:23-cv-01762 to the Northern District of Texas, because it was filed in the wrong venue. *See id.* at ECF No. 3.

　　In any event, Padilla has accumulated at least three strikes under the Prison Litigation Reform Act and is therefore "barred from proceeding IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he 'is under imminent danger of serious physical injury.'" *Padilla v. Watkins*, 491 Fed. App'x 484, 485 (5th Cir. 2012) (quoting 28 U.S.C. § 1915(g)); *accord Padilla v. 203rd Dist. Courts,* Case No. 3:23-cv-02473-S-BK, at ECF No. 6 (N. Dist. Tex. Nov. 17, 2023).  And he's been sanctioned at least

Page 1 of 3

$900 by the Fifth Circuit Court of Appeals and "BARRED from filing in [the Fifth Circuit] or any court subject to [the Fifth Circuit's] jurisdiction any pleadings that challenge his robbery and rape convictions until the sanctions are paid in full unless he first obtains leave of the court in which he seeks to file his pleadings." *In re Ismael Hernandez Padilla*, Appeal No. 22-90063, at Doc. 17-2 (5th Cir. Feb. 23, 2023). But Padilla does not allege that he's under imminent danger of serious physical injury, satisfied the monetary sanction imposed on him, or that the Fifth Circuit otherwise lifted the prohibition of filing new actions challenging his underlying convictions or sentence.

I.  **DISCUSSION**

28 U.S.C. § 1391(b) instructs that a plaintiff may bring an action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

And if a case has been filed in the wrong district or division, the district court in which the case has been incorrectly filed "shall dismiss" it "or, if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The District of Nevada is not the appropriate venue for this action because the events allegedly occurred in Dallas County, Texas. Dallas County is in the Northern District of Texas. But considering Padilla's litigation history summarized above and the contents of his complaint, it appears that Padilla filed his action in this district in an effort to circumvent the filing restrictions imposed on him by the Fifth Circuit and the PLRA's three-strikes rule. The Court finds that the interests of justice will not be served by transferring this action to the Northern District of Texas. So, the Court denies Padilla's application to proceed *in forma pauperis* with prejudice, dismisses this action without prejudice, and denies Padilla's remaining motions as moot.

## II.      CONCLUSION

**IT IS HEREBY ORDERED** that Padilla's application to proceed *in forma pauperis* **(ECF No. 1) is DENIED with prejudice**.

It is further ordered that this action is **DISMISSED without prejudice** because it was filed in the wrong venue and transfer to an appropriate district will not cure the defects identified herein.

It is further ordered that Padilla's motions for various relief (ECF Nos. 2, 3, 5, 6, 7) are **DENIED as moot**.

The Court kindly directs the Clerk of Court to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.

It is further ordered that no other documents may be filed in this now-closed case.

**DATED** this   2   day of      July      , 2024.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT